NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

JOSEPH L. WHICHARD, Jr., :
:
    Plaintiff, : Civ. No. 20-13099 (RMB-SAK)
:
  v. :
: **OPINION**
NATHAN A. TOMKINS, *et al.*, :
:
    Defendants. :
_____:

BUMB, District Judge

    Plaintiff Joseph L. Whichard, Jr. is pretrial detainee who was confined in Burlington County Jail in Mount Holly, New Jersey at the time he filed a pro se civil rights complaint. (Compl., Dkt. No. 1.) For the following reasons, the Court will dismiss the Complaint without prejudice.

I.    FILING FEE/*IN FORMA PAUPERIS*

    Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed *in forma pauperis*.

    The entire fee to be paid in advance of filing a civil complaint is $402. That fee includes a filing fee of $350 plus an

administrative fee of $52, for a total of $402.[1] A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 to be paid in installments and will not be responsible for the $52 administrative fee. A prisoner who is denied *in forma pauperis* status must pay the full $402, including the $350 filing fee and the $52 administrative fee, before the complaint will be filed.

Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under § 1915, a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the filing fee in

---

[1] On December 1, 2020, the administrative fee was raised from $50 to $52. However, as Plaintiff submitted his complaint in this action prior to this change, should Plaintiff elect to pay the filing fee, he shall only owe $400.

installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the filing fee is paid, the agency having custody of the prisoner shall deduct from the prisoner's account, and forward to the Clerk, an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* actions); see also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted,

he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this case, Plaintiff has not submitted the filing fee nor has he submitted an *in forma pauperis* application; thus, this matter will be administratively terminated. Furthermore, for the following reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

I. LEGAL STANDARD FOR *SUA SPONTE* DISMISSAL

District courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis,* see 28 U.S.C. § 1915(e)(2)(B)[2], seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. District courts must *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B), § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the

---

[2] The United States Court of Appeals for the Third Circuit has determined this Court can screen Plaintiff's complaint for dismissal before considering an *in forma pauperis* application. Brown v. Sage, 941 F.3d 655, 660 (3d Cir. 2019) (en banc). This Court elects to do so here.

4

same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), as explained by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Pro se pleadings must be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a

5

claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

II. THE COMPLAINT

The allegations in the Complaint are accepted as true for purposes of this opinion only. Plaintiff alleges that on March 19, 2019, Detective Nathan A. Tomkins filed a complaint form against Plaintiff, based on an allegation by Victoria Shines that Plaintiff committed a theft with a value of $81. (Compl., Dkt. No. 1.) Plaintiff, citing to N.J.S.A. § 2A:8-27 and Rule 3:3(1)(a), alleges his constitutional rights were violated because the complainant did not make her allegation under oath. (Id.) Plaintiff has also named Judicial Officer Patricia Mellor as a defendant. (Id.)

III. DISCUSSION

The Court construes the Complaint to allege Plaintiff was arrested and/or falsely imprisoned in violation of the Fourth Amendment based on a defective arrest warrant. In New Jersey, "[t]heft constitutes a disorderly persons offense if: (a) The amount involved was less than $200.00…." N.J. Stat. Ann. § 2C:20-2. Given the minor nature of the offense that appears to have been charged, one would expect that a Complaint-Summons rather than a Complaint-Warrant issued. Plaintiff, however, invokes New Jersey Criminal Court Rule 3:3-1(a), Issuance of a Complaint-Warrant (CDR-2), which provides, in relevant part:

(a) Issuance of a Complaint-Warrant (CDR-2). Except for citizen complaints for indictable offenses, which must be issued by a judge pursuant to R. 3:2-1(a)(2), an arrest warrant may be issued on a complaint only if:

(1) a judicial officer finds from the complaint or an accompanying affidavit or deposition, that there is probable cause to believe that an offense was committed and that the defendant committed it and notes that finding on the warrant; and

(2) a judicial officer finds that paragraphs (d), (e), or (f) of this rule allow a warrant rather than a summons to be issued.

Rule 3:2-3 governs issuance of an arrest warrant upon presentation of a Complaint-Warrant to a judicial officer. The Rule provides, in relevant part:

(a) Issuance of an Arrest Warrant When Law Enforcement Applicant is Physically Before the Judicial Officer. An arrest warrant for an initial charge shall be made on a Complaint-Warrant (CDR-2) form. The warrant shall contain the defendant's name or if that is unknown, any name or description that identifies the defendant with reasonable certainty, and shall be directed to any officer authorized to execute it, ordering that the defendant be arrested and remanded to the county jail pending a determination of conditions of pretrial release. The warrant shall be signed by a judicial officer, which for these purposes shall be defined as the judge, clerk, deputy clerk, authorized municipal court administrator, or authorized deputy municipal court administrator.

(b) Issuance of and Procedures for an Arrest Warrant When Law Enforcement Applicant is Not Physically Before the Judicial Officer. A judicial officer may issue an arrest warrant

on sworn oral testimony of a law enforcement applicant who is not physically present. Such sworn oral testimony may be communicated by the applicant to the judicial officer by telephone, radio or other means of electronic communication.

The judicial officer shall administer the oath to the applicant. Subsequent to taking the oath, the applicant must identify himself or herself, and read verbatim the Complaint-Warrant (CDR-2) and any supplemental affidavit that establishes probable cause for the issuance of an arrest warrant. If the facts necessary to establish probable cause are contained entirely on the Complaint-Warrant (CDR-2) and/or supplemental affidavit, the judicial officer need not make a contemporaneous written or electronic recordation of the facts in support of probable cause. If the law enforcement officer provides additional sworn oral testimony in support of probable cause, the judicial officer shall contemporaneously record such sworn oral testimony by means of a recording device, if available; otherwise, adequate notes summarizing the contents of the law enforcement applicant's testimony shall be made by the judicial officer. This sworn testimony shall be deemed to be an affidavit, or a supplemental affidavit, for the purposes of issuance of an arrest warrant.

An arrest warrant may issue if the judicial officer is satisfied that probable cause exists for issuing the warrant. On approval, the judicial officer shall memorialize the date, time, defendant's name, complaint number, the basis for the probable cause determination and any other specific terms of the authorization. That memorialization shall be either by means of a recording device, or by adequate notes.

If the judicial officer has determined that a warrant shall issue and has the ability to promptly access the Judiciary's computer

system, the judicial officer shall
electronically issue the Complaint-Warrant
(CDR-2) in the computer system.

Plaintiff alleges only that the complainant, Victoria Shines, did not give her statement under oath. Rule 3:3(1)(a)(1) permits an arrest warrant to be issued on a complaint based on the oath of the police officer who took the witnesses' statement.[3] See e.g. Banks v. Felice, No. CIV. 05-356 (JBS), 2006 WL 1765074, at *5 (D.N.J. June 26, 2006) (finding the complaint-warrant and arrest warrant valid where "[t]he Complaint-Warrant contained a written statement summarizing the offenses Bankes was charged with and the essential facts regarding his actions towards [the victim] (taken from the statement Bankes made to Detective Felice earlier on the evening of February 26, 2003.")

---

[3] A Complaint-Summons may also be issued when sworn to by a law enforcement officer. See 1A N.J. Prac., Court Rules Annotated R 3:3-1 (2021 ed.):

> Paragraph (b) provides the procedures for the issuance of a summons. A summons issues if the court staff finds from the alleged facts that there is probable cause that an offense was committed, and the purported defendant is the one who committed it. This probable fact of the defendant committing the offense must be noted on the summons. Of course, if a law enforcement officer is the one who swore out the complaint, then that person notes the fact on the summons. The issuance of a warrant has a higher threshold than the issuance of a summons complaint.

Plaintiff did not allege that a summons-complaint rather than a complaint-warrant should have issued because he was charged with a minor offense. Even if Plaintiff had raised this issue, "'if a police officer erred in issuing a complaint-warrant, that 'does not constitute a per se violation of plaintiff[']s constitutional rights.'" Cresci v. Aquino, No. CV134695KMJBC, 2017 WL 1356322, at *7 (D.N.J. Apr. 10, 2017) (quoting Conner v. Powell, 162 N.J. 397, 410-11 (2000) (citing Sanducci v. City of Hoboken, 315 N.J. Super. 475, 485 (App. Div. 1998) (quoting O'Brien v. Borough of Woodbury Heights, 679 F. Supp. 429, 437 (D.N.J. 1988) (additional citations omitted)). Although "[n]oncompliance with State procedures is a relevant fact … [t]o make out a constitutional claim," the plaintiff "must show that the arrest was not supported by probable cause." Id. (citing e.g., Groman v. Twp. of Manalapan, 47 F.3d 628, 634-37 (3d Cir. 1995) (ruling that plaintiff must demonstrate lack of probable cause to prevail on section 1983 false arrest and imprisonment claims). Plaintiff has not alleged that probable cause for his arrest was lacking.

The claim asserted against Judicial Officer Patricia Mellor will be dismissed with prejudice based on judicial immunity. See Delbridge v. Schaeffer, 569 A.2d 872, 877 (Law. Div. 1989), aff'd sub nom. A.D. v. Franco, 297 N.J. Super. 1, 687 A.2d 748 (App. Div. 1993) ("The sole requirement for judicial immunity is that two criteria must be met. First, the act complained of must be a

10

judicial act. Second, the judge must have jurisdiction over the subject matter before him at the time he acts") (citations omitted). Plaintiff has not alleged that Patricia Mellor lacked subject matter jurisdiction to issue the complaint and arrest warrants. The Court will dismiss this claim without prejudice.

IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted and this matter is administratively terminated. Plaintiff shall have thirty (30) days in which to either pay the $400 filing fee or submit a complete application to proceed *in forma pauperis* along with a proposed amended complaint that corrects the deficiencies of his original complaint, should he elect to do so. An appropriate order will be entered.

**DATED: May 4, 2021**　　　　　　　　　s/ Renée Marie Bumb
　　　　　　　　　　　　　　　　　　　　**RENÉE MARIE BUMB**
　　　　　　　　　　　　　　　　　　　　**United States District Judge**